IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LISA A. GREGORY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MONTE BRUCE, MONTE BRUCE d/b/a )<br>THE PACKAGING STORE, PENSKE )<br>TRUCK LEASING CO., LP, and MARK )<br>W. SHUE, Individual and in His Official )<br>Capacity as a Police Officer of the )<br>Salisbury Police Department, and CITY )<br>OF SALISBURY, )<br>)<br>Defendants. )<br>) | 1:15CV996 |

**ORDER**

The Order, Memorandum Opinion, and Recommendation of the United States Magistrate Judge [Doc. #38] was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on August 25, 2016, was served on the parties in this action. Plaintiff Lisa A. Gregory timely filed Objections to the Recommendation to which Defendants Penske Truck Leasing Company ("Penske") and Monte Bruce responded. (See Pl.'s Obj. to Recommendation [Doc. #40]; Def. Penske's Am. Resp. to Pl.'s Obj. to Recommendation [Doc. #43]; Resp. to Pl.'s Obj. to Recommendation [Doc. #44].) The Court has reviewed the Order for a protective order to which Gregory objected and has determined that it is not clearly erroneous or contrary to law. The Court has also reviewed the portions of the Recommendation to which objection was made and has made a de novo

determination to adopt the Recommendation except as to the dismissal of Gregory's claim of malicious prosecution against Bruce as barred by the statute of limitations.

Defendant Bruce, including Monte Bruce d/b/a The Packaging Store, moved to dismiss Count V (violation of 42 U.S.C. § 1985) as barred by the statute of limitations and otherwise failing to state a claim for which relief can be granted and Count VI (unfair and deceptive trade practice) as barred by the statute of limitations. (See Mot. to Dismiss [Doc. #10]; Br. in Supp. of Mot. to Dismiss [Doc. #12].) Defendant Penske moved to dismiss Count III (malicious prosecution) for failure to state a claim upon which relief can be granted and Counts V and VI as barred by the statute of limitations and for otherwise failing to state a claim for which relief can be granted. (See Mot. to Dismiss [Doc. #6]; Br. in Supp. of Mot. to Dismiss [Doc. #7].) In addition to the motions to dismiss, Bruce and Penske each moved for protective orders (see [Docs. #31, 33]) and Gregory moved to remand the case to state court (see [Doc. #17]). The Magistrate Judge ordered that Bruce's and Penske's motions for protective orders be granted, recommended denying Gregory's motion to remand, and recommended granting Bruce's and Penske's motions to dismiss.

In her objections, Gregory affirmatively represented that she agreed with the Magistrate Judge's recommendation as to her motion to remand and the motions to dismiss Counts V and VI as barred by the statute of limitations. (Pl.'s Obj. to Recommendation at 3-4.) However, she objected to various factual references in

2

the Recommendation (id. at 4-7), the finding that her malicious prosecution claim against Bruce is time-barred (id. at 7-8), the analysis of Bruce's relationship with Penske (id. at 9-17), and the granting of the motions for protective orders (id. at 18).

After appropriate review, it is determined that Gregory is correct that Bruce did not raise the statute of limitations as a bar to the malicious prosecution claim. (See id. at 9.)  By failing to do so, Bruce has waived that defense. Cf. Peterson v. Air Line Pilots Ass'n, Int'l, 759 F.2d 1161, 1164 (4th Cir. 1985) ("It is well settled that the defense of limitations is waived unless asserted promptly by way of answer or motion.").  Furthermore, because Bruce did not otherwise challenge the sufficiency of the allegations against him for malicious prosecution, that claim against Bruce is not dismissed.

Although the malicious prosecution claim against Bruce stands, it falls as against Penske.  The Magistrate Judge concluded the same, both because of the time bar of the claim against Bruce and because the claim is not plausible on its face. (Recommendation at 19-24.)  The Court agrees with the latter.  Assuming arguendo that Gregory sufficiently alleged that Bruce was an agent of Penske, it is plausible that Bruce had some authority to collect on a debt owed for the rental of a Penske truck. See, e.g., Dickerson v. Atl. Refining Co., 159 S.E. 446 (N.C. 1931).  However, it is not plausible that Penske gave Bruce the authority to do what he is alleged to have done – report a felony larceny of that truck when, in fact, it had been returned and when the only dispute was over the amount of rent

3

due. Not only did Penske not plausibly give Bruce the authority to do what is alleged, but, as the Magistrate Judge explained, Gregory's allegations suggest that Penske did not ratify Bruce's conduct. Therefore, Gregory has failed to state a claim of malicious prosecution against Penske.

For the reasons stated herein, IT IS HEREBY ORDERED that the Order, Memorandum Opinion, and Recommendation of the United States Magistrate Judge [Doc. #38] is ADOPTED IN PART. IT IS FURTHER ORDERED that Defendant Penske Truck Leasing Company's Motion to Dismiss [Doc. #6] is GRANTED, Plaintiff Lisa A. Gregory's Motion to Remand [Doc. #17] is DENIED, Defendant Penske Truck Leasing Company's Motion for Protective Order [Doc. #31] is GRANTED, and Defendant Monte Bruce's Motion for Protective Order [Doc. #33] is GRANTED. IT IS FURTHER ORDERED that Defendant Monte Bruce's Motion to Dismiss [Doc. #10] is GRANTED IN PART AND DENIED IN PART in that it is granted as to Count V (violation of 42 U.S.C. § 1985) and Count VI (unfair and deceptive trade practice), but it is denied as to Count III (malicious prosecution).

This the 16th day of March, 2017.

                                               /s/ N. Carlton Tilley, Jr.
                                         Senior United States District Judge